LOUIS EPSTEIN, Respondent, *v.* ROSE EPSTEIN, Appellant.

First Department, April 12, 1955.

*Raphael H. Rhodes* for appellant.

*N. H. Elman* for respondent.

CALLAHAN, J.  In this action for absolute divorce, framed issues as to certain alleged acts of adultery by defendant were tried by the court and a jury.

There were received in evidence certain mechanical recordings of intercepted telephone messages, which recordings were made by private detectives hired by the plaintiff to tap his home telephone, when it was being used by his wife.

The first of these recordings was introduced by plaintiff as part of his own case.  It involved alleged conversations between the defendant and the corespondent.  Identification of the voices of the speakers was sought to be made through testimony of the private detective who made the wire tap, and whose examination on this question was conducted in the absence of the jury. The witness stated that he had heard the parties speak in person on other occasions.  The circumstances of the direct personal contacts, at least, as to the alleged corespondent, were such that the ability of the witness to identify his voice, when heard over a telephone, might well be a subject of doubt.  After the completion of the preliminary examination, when the trial court ruled that it would admit the recordings, defendant's counsel asked for an opportunity to cross-examine the detective further and in the presence of the jury, particularly with respect to the identification of the corespondent's voice.  This right was denied, the trial court indicating that such cross-examination should have been pursued earlier.

Although it was proper and appropriate for the court to conduct a preliminary examination, we think that defendant was entitled to examine as to the basis for the identification in the presence of the jury. If the trial court felt that examination by defendant should await general cross-examination, it might have so indicated. It did not do so. It appeared to rule that no further cross-examination was to be permitted on the subject.

When the recordings were placed in evidence, only certain portions of the originals were played in the presence of the jury, and no record was made by the court reporter as to the particular matter being played. This practice results in a faulty record. At least, some identified transcript indicating the parts of the recordings played before the jury and those omitted should be furnished. In the absence thereof, an appellate court is unable to determine whether the portion played or the manner of disclosing the same was prejudicial. A replaying of the whole tape upon appeal would not indicate the matters played and those omitted upon the trial.

The second of the recordings was played on cross-examination of defendant. The recording is said to have disclosed the voices of two women. The conversation was claimed to be one between defendant and a neighbor, in which admissions by defendant of her marital misconduct were made. There was no attempt to establish the identity of the speakers by any affirmative proof, and defendant denied that either voice was hers. Despite this denial, the recording proceeded for considerable length, but we are unable to determine the exact extent, because the minutes of the trial do not tell us.

The trial court in its charge advised the jury as to this unsubstantiated recording played on the defendant's cross-examination as follows: " If you find that the subject matter, or the manner of speaking, or the voice was such that you can actually determine that the witness to whom the question was put did have that conversation, then you can decide that the conversation was held despite the fact the witness denied having participated in it."

Aside from the question of possible error in respect to this method of cross-examination, or in the submission of the question of identity of the speakers engaged in this alleged recorded talk, we find that it was improper to charge the factor of " subject matter " in the disjunctive as affording sufficient basis upon which to identify those participating in the conversation. Perhaps, the " subject matter " of a talk might be considered in connection with other factors such as voice or manner of speak-

ing, but, standing alone, generally and particularly in this case, we do not see how consideration of "subject matter" could enable a jury to identify an unseen speaker.

The judgment appealed from should be reversed, without costs, and a new trial ordered.

COHN, J. (dissenting). After a four-day trial, the defendant wife, by unanimous vote of the jury, was adjudged guilty of the charge of adultery committed on three separate occasions. No useful purpose is to be served by an analysis of the testimony. An examination of the lengthy record of the trial compels the conclusion that the trial was fair and that the verdict of the jury was wholly justified. In my opinion, the mechanical recordings of intercepted telephone messages received in evidence against the wife could not have affected the jury's finding of her obvious guilt. The recordings as to the admission of which error has been assigned were not a decisive factor in the case. Even if the record be stripped of all evidence of them, the proof of guilt was still translucently clear. In the face of the testimony it is difficult to perceive how upon a retrial there can be a different result. Accordingly, I dissent and vote to affirm.

PECK, P. J., BREITEL and BASTOW, JJ., concur with CALLAHAN, J.; COHN, J., dissents and votes to affirm in opinion.

Judgment reversed and a new trial ordered. [See *post*, p. 1128.]